[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10937
Non-Argument Calendar
_____

Agency No. A206-236-744

TORIBIO BAILON PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 29, 2018)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Toribio Bailon Perez seeks review of the Board of Immigration Appeals'

("BIA") final order affirming the Immigration Judge's ("IJ") denial of his

application for withholding of removal.  Bailon Perez argues that he suffered past persecution and that he will more likely than not be subjected to persecution upon return to Guatemala because of pervasive discrimination against Mayan indigenous peoples within Guatemala.  Specifically, he points to a mining company's attempts, with military support, to steal his family's land, as well as potential economic deprivation.  After thorough review, we deny his petition.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  Where the BIA agrees with the IJ's reasoning, we review the decisions of both the BIA and the IJ to the extent of the agreement.  Id.

In a petition for review of a BIA decision, we review conclusions of law de novo.  Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011).  We review factual determinations, including whether an alien is statutorily eligible for withholding of removal, under the substantial evidence test.  Id.  Pursuant to this test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision.  Id.  We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole and may reverse the BIA's findings of fact only when the record compels reversal.  Id.  The mere fact that the record

2

may support a contrary conclusion is not enough to justify a reversal of the administrative findings. Id.

To qualify for withholding of removal under the Immigration and Nationality Act ("INA"), an applicant must establish that his "life or freedom would be threatened in [his] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant must show that it is more likely than not that he will be persecuted on account of a protected ground if returned to his home country. Seck, 663 F.3d at 1364-65. An applicant may satisfy his burden of proof either: (1) by establishing that he suffered past persecution based on a protected ground or (2) by establishing that it is more likely than not that he would face a future threat to his life or freedom upon removal due to a protected ground. Id. at 1365.

Although the INA does not expressly define the term "persecution," we've said that it is an extreme concept that does not include every sort of treatment that society regards as offensive, and requires more than isolated incidents of verbal harassment, minor physical abuse, and brief detentions. Shi v. U.S. Att'y Gen., 707 F.3d 1231, 1235 (11th Cir. 2013); Kazemzadeh, 577 F.3d at 1353. So, in Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226 (11th Cir. 2005), for example, we concluded that the circumstances were not sufficiently extreme to establish past persecution, where the petitioner had received repeated death threats, her family

3

received threats, and a bomb exploded at her workplace. Id. at 1229, 1231. We've also held that harms to another person constitute persecution to the petitioner only if they are done to threaten or harm the petitioner. De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1009 n.7 (11th Cir. 2008). Notably, however, we evaluate the "harms a petitioner suffered cumulatively -- that is, even if each fact considered alone would not compel a finding of persecution, the facts taken as a whole may do so." Shi, 707 F.3d at 1235 (emphasis in original).

Fines or economic sanctions may constitute persecution if they cause a "severe economic disadvantage" to the petitioner, considering his net worth, his sources of income, and the condition of the local economy. Mu Ying Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1156 (11th Cir. 2014). To satisfy this standard, the persecution must reduce the petitioner's standard of living to an impoverished existence. Id.

In addition to showing past persecution or a clear probability of future persecution, an applicant for withholding of removal must show that the persecution was or would be "at least in part[] motivated by a protected ground." Rivera v. U.S. Att'y Gen., 487 F.3d 815, 821 (11th Cir. 2007) (quotation omitted). The applicant must demonstrate that one of these enumerated grounds "was or will be at least one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i); Rivera, 487 F.3d at 821 (analyzing nexus for asylum and withholding of removal

4

under the same standard).  The petitioner must provide "evidence from which it is reasonable to believe that the harm was motivated by a protected ground."  Rivera, 487 F.3d at 821 (quotation omitted).  Being a victim of extortion or criminal activity is not persecution on account of a protected ground.  See id. at 820, 823.

Here, substantial evidence supports the IJ and BIA's finding that Bailon Perez failed to demonstrate past persecution.  For starters, Bailon Perez does not say that he was ever physically harmed, and he points to nothing in the record that would compel the conclusion that members of his family suffered serious injuries from their run-ins with the military or mining company.  See Kazemzadeh, 577 F.3d at 1353.  Even more importantly, Bailon Perez has not indicated that his family was harmed in order to threaten or harm him personally.  See De Santamaria, 525 F.3d at 1009 n.7; Sepulveda, 401 F.3d at 1229, 1231.  Nor can we say that any economic persecution took place; instead, the record reflects that his family was able to stay in their home.  See Wu, 745 F.3d at 1156.

Substantial evidence also supports the finding that Bailon Perez will not more likely than not be persecuted if he is returned to Guatemala.  See Seck, 663 F.3d at 1364-65.  Again, he has not shown that his family suffered severe harm. Rather, the record reveals that his family and his neighbors have continued to live in their homes for more than a decade, and that Bailon Perez could relocate to other parts of Guatemala.  See Wu, 745 F.3d at 1156.

5

Moreover, even if Bailon Perez had been able to show persecution, the record comes nowhere near compelling a finding that the military and the mining company were motivated, even in part, by a protected ground -- such as Bailon Perez's Mayan ethnicity, his family, or his political opinion.  Rivera, 487 F.3d at 821; 8 U.S.C. § 1158(b)(1)(B)(i). To the contrary, the evidence suggests that they were motivated by a desire to obtain precious metals from Bailon Perez's family's land.  And as we've said, being a victim of extortion or criminal activity is not persecution on account of a protected ground.  See Rivera, 487 F.3d at 820, 823.

Accordingly, we deny Bailon Perez's petition.

**PETITION DENIED.**